## J. B. Glass *v.* Mary A. Glass.

**Marriage—Involuntary—Cohabitation—Ratification.**

Although a marriage may not have been voluntary on the part of the husband, yet subsequent cohabitation with the woman and recognition of her as his wife, constitutes a legal and binding ratification of the marriage.

**Divorce—Costs and Attorney's Fees.**

Where, in an action for divorce, it does not appear that the wife is wholly at fault, and she is the successful party, the husband is liable for the costs and attorneys' fees.

### APPEAL FROM SHELBY CIRCUIT COURT.

March 27, 1874.

OPINION BY JUDGE HARDIN:

The evidence is unsatisfactory upon the question of fact, whether before the marriage of the parties there did or did not exist between them an agreement to marry; but the facts and circumstances attending the marriage are such as to lead us to conclude that it was constrained, and not voluntary on the part of the appellant, however reprehensible his conduct may have previously been; nevertheless, we must decide from the conclusive evidence of his subsequent cohabitation with the appellee and recognition of her as his lawful wife, that they constituted a legal and binding ratification of the marriage, and the court therefore properly dismissed the petition seeking to have it adjudged null and void.

The only remaining question is as to the judgment for costs, including $150 for the payment of attorney's fees. The suit was in effect for a divorce *a vinculo* for force and duress in obtaining the marriage. Sec. 1, Art. 3, Chap. 47, Rev. Stat. The allowance of $150 does not appear from the evidence to be unreasonable, and the wife, not appearing to be wholly in fault, and being, moreover, the successful party, the statute is imperative that the husband should pay the expenses of the litigation, including the allowance for attorney's fees. Wherefore the judgment is affirmed.

*Harwood, for appellant.*

*J. C. Beckham, Robert, for appellee.*